UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                          'O'

| Case No. | 2:23-cv-7950-CBM-JPRx | Date | March 14, 2025 |
|---|---|---|---|
| Title | *Augustine v. Sugar Foods Corp.* | | |

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

Proceedings:         **IN CHAMBERS - ORDER RE:   DEFENDANTS' MOTION TO
                       DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

The matter before the Court is Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint.   (Dkt. No. 41 (the "Motion").)

Defendant moves to dismiss the Third Amended Complaint ("TAC") as to Plaintiff's unlawful wage deduction, sick leave, expense reimbursement, rest periods, and minimum wage claims. However, Plaintiff does not assert an unlawful wage deduction claim or sick leave claim in the TAC. Therefore, there are no unlawful wage deduction or sick leave claims subject to dismissal.

The Court finds the TAC pleads sufficient facts to meet the pleading standards set forth in *Landers v. Quality Communications*, 771 F.3d 638 (9th Cir. 2014) as to Plaintiff's expense reimbursement claim (*see* TAC ¶¶ 26-27, 66, 123).   *See Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1006 (N.D. Cal. 2016); *Mabanta v. Prime Now, LLC*, 2020 WL 3615311, at *2 (N.D. Cal. July 2, 2020); *cf. Naumann v. Cent. Admixture Pharmacy Servs., Inc.*, 2024 WL 4441080, at *3 (S.D. Cal. June 4, 2024); *Weil v. Raisin City Elementary Sch. Dist.*, 2021 WL 4033271, at *6 (E.D. Cal. Sept. 3, 2021). Moreover, Plaintiff pleads sufficient facts to state a claim for failure to reimburse business expenses under Cal. Lab. Code § 2802 (*see* TAC ¶¶ 26, 27).   *See Dockery v. Citizens Telecom Servs. Co., LLC.*, 2023 WL 2752482, at *4 (E.D. Cal. Mar. 31, 2023).

The TAC also pleads sufficient facts under *Landers* as to Plaintiff's minimum wage claim (*see* TAC ¶¶ 17, 19, 33).   *See Landers*, 771 F.3d at 644-46.

Plaintiff also pleads sufficient facts under *Landers* as to Plaintiff's rest period claim (*see* TAC ¶¶ 21-25).  *See Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015); *see also Alvarez v. Autozone, Inc.*, 2020 WL 10618825, at *2 (C.D. Cal. Sept. 25, 2020); *Galvez v. W. Ref. Retail, LLC*, 2021 WL 4706544, at *2 (C.D. Cal. Mar. 10, 2021); *Caballero v. W. Ref. Retail, LLC*, 2021 WL 2935309, at *3 (C.D. Cal. Mar. 23, 2021); *Reed v. AutoNation, Inc.*, 2017 WL 6940519, at *4 (C.D. Cal. Apr. 20, 2017); *Maxwell v. McLane Pac., Inc.*, 2017 WL 8186758, at *3 (C.D. Cal. Oct. 19, 2017); *Martinez v. Hub Grp. Trucking, Inc.*, 2021 WL 937671, at *6 (C.D. Cal. Jan. 11, 2021); *Sagastume v. Psychemedics Corp.*, 2020 WL 8175597, at *3 (C.D. Cal. Nov. 30, 2020).   Furthermore, the Court cannot find Plaintiff's rest break claim fails as a matter of law because the TAC alleges more than simply Defendant requiring Plaintiff to remain on the premises during rest periods (*see* TAC ¶ 25).   *See Miles v. Kirkland's Stores Inc.,* 89 F.4th 1217, 1224 n.2 (9th Cir. 2024); *Cahilig v. IKEA U.S. Retail, LLC*, 2019 WL 3852490, at *2 (C.D. Cal. June 20, 2019).

Accordingly, Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint is **<u>DENIED</u>**.

**IT IS SO ORDERED.**